(No. 23345.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ADDIE CLARK HARDING *et al.*—(GEORGE F. HARDING, Appellant.)

*Opinion filed February 19, 1936.*

ARTHUR J. MURPHY, for appellant.

OTTO KERNER, Attorney General, MICHAEL F. MUL-
CAHY, and ASHLEY GREENE, for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

In February of 1935, the People, by the Attorney Gen-
eral, filed a petition in the county court of Cook county
complaining of Addie Clark Harding and George F. Hard-
ing, the latter being the appellant herein, for the purpose of
collecting inheritance tax and interest thereon on the estate
of Abner Clark Harding, deceased. The petition alleged
that the deceased died March 11, 1921, intestate, and that
one Addie Church Harding was nominated and qualified
as executrix; that inheritance taxes totalling $658.57 were
assessed by the county judge of Cook county on Febru-
ary 9, 1922, and still, together with interest on the same,
remain due and unpaid. It was alleged that these taxes
were assessed against the following persons in the follow-
ing sums: Addie Church Harding, widow, $458.83; George
F. Harding, son, $99.87, and Addie Clark Harding, grand-
daughter, $99.87. It was further alleged that the widow
Addie Church Harding died in 1924, and that thereafter
appellant George F. Harding (not the son, but a brother of
the deceased) took over the management and control of her
estate and the estate of Abner Clark Harding. The prayer
of the petition was that Addie Clark Harding, the legatee,
and George F. Harding, the appellant and brother of the
deceased, be summoned to show cause why they should not
pay the inheritance tax and interest pursuant to section 15
of the Inheritance Tax act. The court entered a decree re-
quiring appellant George F. Harding to pay the entire tax,
interest and cost, from which decree this appeal is prayed.

The facts leading up to this decree are not disputed and are substantially as follows: When Abner Clark Harding died his brother, appellant George F. Harding owed him about $120,000 evidenced by promissory notes. Harding's will gave his wife a life estate in this property with remainder to his son George F. Harding and his granddaughter, Addie Clark Harding. Upon the death of Abner Clark Harding the widow presented the original notes to appellant and he gave her new notes for the same debt. Thereafter, when the widow died, the notes given to her were surrendered and new notes payable to the remaindermen were given. The one given to the son, George F. Harding, appears to have been paid off either in whole or in part, and that son, a resident of Texas, was not summoned or before the court on this proceeding. As to the granddaughter, Addie Clark Harding, it was admitted in court that appellant still owed her $50,000, which he was ready and willing to pay to her or anyone by order of the court. As above indicated, this granddaughter was a party to this proceeding, duly summoned and represented in court by counsel. It further appears from the record that a certain piece of real estate in Chicago was and still is, in equity, a part of the estate of Abner Clark Harding, the title being held by a trustee, who admitted in open court that he had no personal beneficial interest in it. This property was worth about $4000 and mortgaged for $2500. Section 15 of the Inheritance Tax act provides in substance that if it shall appear to the county court that any tax accruing under the act has not been paid, it shall issue a summons to the persons interested in the property liable to the tax to appear and show cause why the tax should not be paid. The next section provides that whenever it appears that the tax has not been paid and that the persons liable for the tax have refused or neglected to pay it, it becomes the duty of the Attorney General to prosecute the collection of the same by bill in chancery in the name of the People to enforce the lien of

the tax, or if necessary, to secure an injunction against the transfer or delivery of property, and confers jurisdiction on the county court to hear and determine such suit. It is provided that the process, practice and procedure shall be the same as in cases in chancery. Smith's Stat. 1933, chap. 120, pars. 389, 390.

The difficulty with the case presented for the People is that neither in pleading, evidence, theory or decree does it follow the statute, nor come within the statutory provision. The appellant George F. Harding was not a "person interested in the property liable to the tax," and did not have in his possession any property belonging to the estate of Abner Clark Harding, deceased. It is true that he was a debtor to that estate and that the various transmutations of his indebtedness through the surrender of old, and the giving of new, notes did not alter the basic relation of debtor and creditor nor prevent the lien of the tax from attaching to the debt which he owed, yet he still owned his own property and there was nothing in his hands belonging to the estate or any beneficiary thereof. Presumably, although the record is silent on the point, his co-defendant Addie Clark Harding held and possessed his promissory note for $50,000 which was a tangible evidence of the otherwise intangible debt. It is entirely possible that by a proper complaint in the nature of a bill in equity, and upon proper proof, the lien for all the inheritance taxes might be enforced against this indebtedness. In the state of this record there is no justification for an order against the appellant personally.

The decree will be reversed and the cause remanded.

*Reversed and remanded.*